IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BROADWAY INN EXPRESS, LLC** | § | **PLAINTIFF** |
| | § | |
| V. | § | Civil No. 1:08CV193-HSO-JMR |
| | § | |
| **COASTAL BUILDERS, INC.** | § | **DEFENDANT** |

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the Motion for Summary Judgment [60] filed by Defendant Coastal Builders, Inc. ["Defendant"]. In support of its Motion, Defendant also filed a supporting Memorandum [61], an Itemization of Material Facts Not in Dispute [62], and a Supplemental Memorandum [63]. Plaintiff Broadway Inn Express, LLC ["Plaintiff"], has filed a Response [65] with a supporting Memorandum [66], a Response [64] to the Itemization of Material Facts Not in Dispute, and a Supplemental Response [67] to Defendant's Supplemental Memorandum. Defendant has also filed a Rebuttal [68]. After consideration of the Motion, the pleadings, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that the Motion should be denied.[1]

## I. BACKGROUND

Plaintiff filed its Complaint in the Circuit Court of Harrison County, Mississippi, on September 13, 2007. *See* Compl. The Complaint asserts a negligence claim against Defendant related to the collapse of a crane during

---

[1] The Court notes that there are three pending Motions [69], [71], [73], filed by Defendant to exclude certain testimony of Plaintiff's designated expert witnesses. The Court has not considered any of these experts' testimony in ruling upon the Motion for Summary Judgment.

Hurricane Katrina. The crane was located at a construction site in Biloxi, Mississippi, immediately adjacent to Plaintiff's lodging establishment known as Broadway Inn Express.[2] *See* Compl., at pp. 1-6.

In addition to Coastal Builders, Plaintiff named a Mississippi defendant, Glenn Machine Works, Inc., which was later dismissed by the state court on April 30, 2008. *See* Notice of Removal, at p. 2. After dismissal of the Mississippi defendant, Coastal Builders removed the case on May 13, 2008, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See id.* Coastal Builders now seeks summary judgment as to Plaintiff's sole claim against it.

## II. DISCUSSION

A. Standard of Review

Federal Rule of Civil Procedure 56(c) states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

---

[2] The crane had apparently been erected only a week and a half prior to Hurricane Katrina. *See* Dep. of Jessie Underwood, at pp. 36-37, attached as Ex. "8" to Def.'s Mot. for Summ. J.

The mere existence of a disputed factual issue does not foreclose summary judgment. The dispute must be genuine, and the facts must be material. *See Booth v. Wal-Mart Stores, Inc.*, 75 F. Supp. 2d 541, 543 (S.D. Miss. 1999). With regard to "materiality," only those disputes or facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. *See id.* at 543 (*citing Phillips Oil Company v. OKC Corp.,* 812 F.2d 265, 272 (5th Cir. 1987)). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . . all other contested issues of fact are rendered immaterial." *Id.* (*quoting Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1987)).

To rebut a properly supported motion for summary judgment, a plaintiff must present significant probative evidence, since there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *See Booth*, 75 F. Supp. 2d at 543. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The non-movant may not rely on mere denials of material facts, nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. *See Booth,* 75 F. Supp. 2d at 543.

B. <u>Defendant's Motion for Summary Judgment</u>

To succeed on its claim for negligence, Plaintiff must show "(1) the existence of a duty 'to conform to a specific standard of conduct for the protection of others

-3-

against the unreasonable risk of injury'; (2) a breach of that duty; (3) causal relationship between the breach and alleged injury; and (4) injury or damages." *Meena v. Wilburn*, 603 So. 2d 866, 870 n.5 (Miss. 1992) (*citing* and *quoting Burnham v. Tabb*, 508 So. 2d 1072, 1074 (Miss. 1987)). The existence of a duty and breach of that duty are essential elements prior to any finding of negligence. *See Rein v. Benchmark Const. Co.*, 865 So. 2d 1134, 1143 (Miss. 2004) (*citing Strantz v. Pinion*, 652 So. 2d 738, 742 (Miss. 1995)).

Mississippi courts have held that the determination of the existence *vel non* of a duty of care is a question of law to be decided by the court. *See Foster by Foster v. Bass*, 575 So. 2d 967, 972 (Miss. 1990). "The important component of the *existence of the duty* is that the injury is '*reasonably foreseeable*,' and thus it is appropriate for the trial judge to decide." *Rein*, 865 So. 2d at 1143 (emphasis in original) (*quoting Lyle v. Mladinich*, 584 So. 2d 397, 399 (Miss. 1991)).

1. Existence of a Duty

Defendant argues that there is undisputed evidence that it could not reasonably foresee that the hurricane would cause the tower of the crane to break off or fall, or that the jib of the crane would strike Plaintiff's building, assuming it did, which Defendant denies. *See* Def.'s Mem. in Supp. of its Mot. for Summ. J., at pp. 1-2. According to Defendant, the undisputed evidence is that it could not have foreseen the magnitude and direction of Hurricane Katrina in time to dismantle the crane. *See id.* In its Supplemental Memorandum [63], Defendant cites several of what it refers to as "container cases," namely *Young v. Crowley Liner Services, Inc.*,

2009 WL 824532 (S.D. Miss. March 20, 2009), *Defazio v. Chiquita Fresh North America, LLC,* 2008 WL 2788732 (S.D. Miss. July 14, 2008), and *Royal Beach Hotel, LLC v. Crowley Liner Services, Inc.,* 2007 WL 1499815 (S.D. Miss. March 14, 2007), and asserts that *stare decisis* dictates the same result here as in these "container cases." In the "container cases," the Court concluded that the defendant there did not owe a duty to take any further steps or precautions, beyond those it had already taken prior to the onslaught of the storm, and that the defendant could not reasonably have foreseen that its containers might wash or blow away. *See* Def.'s Supp. Mem., at pp. 1-2; *Young*, 2009 WL 824532, at *7.

The Court is not persuaded that the present matter involves such similar facts or the same controlling principles of law as the "container cases," as would require the Court to apply principles of *stare decisis*. The undisputed evidence in those cases was that the "block stow method" used to secure containers during Hurricane Katrina was the commonly accepted and widely used method throughout the industry for securing such property prior to a hurricane. *See Royal Beach,* 2007 WL 1499815, at *3.* In *Defazio*, the Court noted that "[b]lock stowage is a storage mechanism employed at several U.S. ports, and is often incorporated into port hurricane contingency plans." *Defazio*, 2008 WL 2788732, at *5. The record in *Defazio* was "beyond dispute that the Port and its tenants had never experienced the separation of a block stow beyond the perimeters of its marine terminal at the Port or any of its marine terminals around the world prior to Hurricane Katrina." *Id.* (internal quotation omitted).

In the present case, the record reveals a genuine dispute regarding what the accepted practice or standard was for securing cranes prior to a hurricane, even one not of the magnitude of Hurricane Katrina. Indeed, the evidence suggests it was not uncommon to take greater steps to secure a crane than were taken in this case, or to at least be prepared to take greater steps, depending on the hurricane track. The "container cases" are clearly distinguishable, both factually and legally. Nor is the Court persuaded, at least on the present record, that Defendant is entitled to assert an Act of God defense as a complete bar to liability.

2.  Breach of Duty

Defendant maintains that there is "no significant or substantial evidence to create a material issue of fact to show that [it] breached any standard of care, whatsoever." Def.'s Supplemental Mem., at p. 2. Defendant insists that all it was required to do under the applicable standard of care was to remove the crane from operation by putting it in the "weather vaning" or "wind milling" mode, as prescribed by the owner's or manufacturer's manual. *See id.* There is a genuine dispute of material fact as to whether the method Defendant employed to secure its crane was in fact the prudent and reasonable step under the circumstances, particularly since other contractors were apparently attempting to take different steps in the face of Hurricane Katrina. *See* Dep. of Jessie Underwood, at pp. 26-29, attached as Ex. "8" to Def.'s Mot. for Summ. J. This is a jury question, and summary judgment is not appropriate on this record.

3. Proximate Cause

Defendant further contends that there is no significant or substantial evidence

> to show that the falling crane actually struck the building in question or that the damage to said building was the result of anything other than the superseding or intervening cause of Hurricane Katrina, an undisputed 'Act of God', and the worst hurricane ever to damage the Mississippi Gulf Coast.

Def.'s Supplemental Mem., at p. 2. Considering the evidence in the record in the light most favorable to the non-moving party, the Court is of the view that the record contains evidence creating a jury question as to whether or not the crane struck the building, or otherwise proximately caused damage to the building.

## III. CONCLUSION

Reviewing the evidence presented in the light most favorable to the non-moving party and resolving all doubt in its favor, as the Court must, there are genuine disputes of material fact as to Plaintiff's negligence claim against Defendant. As such, summary judgment must be denied. *See* FED. R. CIV. P. 56.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, Defendant's Motion for Summary Judgment [60], should be and hereby is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 17th day of February, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE